UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
NICHOLAS JARECKI, an individual,

        Plaintiff,

   -against-

MICHAEL OHOVEN, an individual; and
INFINITY MEDIA, INC., a California Corporation,

        Defendants.
----------------------------------------------------------- x

11 Civ 2002 (GBD)

Case No.

**COMPLAINT FOR
DECLARATORY JUDGMENT**

Plaintiff Nicholas Jarecki ("Plaintiff") alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action arising under federal law, including the Copyright Act of 1976, 17 U.S.C. § 101, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Accordingly, this Court has original and exclusive jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) at least because a substantial part of the events or omissions giving rise to this action occurred in this district, and a substantial part of the property that is the subject of the action is situated in this district. Venue is also appropriate in this district pursuant to 28 U.S.C. § 1400(a) because this action arises under the Copyright Act and the defendants may be found in this district.

## THE PARTIES

3. Plaintiff resides in the State of New York.

14052381

4.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Infinity Media, Inc. ("Infinity") is a California corporation with its principal place of business in Los Angeles, California.

5.  Plaintiff is informed and believes, and based thereon alleges, that Defendant Michael Ohoven ("Ohoven") is a citizen of the State of California.

6.  Infinity and Ohoven are at times referred to collectively as "Defendants."

## FACTUAL ALLEGATIONS

7.  Plaintiff is a successful author, screenwriter, and feature film director.

8.  Plaintiff is currently in "pre-production" on a major motion picture depicting a New York based hedge fund manager, which is slated to star several noted actors (hereinafter, the "Film"). Plaintiff is both the writer and director of the Film. The Film is scheduled to begin principal photography in New York on April 11, 2011.

9.  The Film is to be based upon an original screenplay written by Plaintiff. That screenplay, and each of its revisions were drafted and authored solely by Plaintiff (hereinafter referred to individually and collectively as "Screenplay"). Accordingly, Plaintiff owns all right, title, and interest in and to the Screenplay and any derivative works based upon the Screenplay, including the Film. Plaintiff has filed an application with the United States Copyright Office to register the Screenplay. A true and correct electronic copy of the application is attached hereto as Exhibit A.

10. Plaintiff has previously communicated with Ohoven, the President of Infinity, and Infinity's independent consultant, Kevin Turen ("Turen"), concerning the financing, development, and production of the Film. Ohoven and Turen provided some assistance with the development of the Film, and the parties discussed Defendants' potential role as

14052381

a financier and producer of the Film. But at no time did the parties reach an agreement on material terms concerning the financing or production of the Film, nor Defendants' involvement as a financier or producer. Most important, the parties have not entered into any written agreements assigning, licensing, or otherwise transferring to Defendants any copyright rights in the Screenplay and/or the Film.

11. In late 2010, a disagreement arose between Plaintiff and Defendants concerning the financing of the Film and other material issues concerning its production. Due to the parties' inability to agree upon essential issues, Plaintiff communicated to Defendants that he would be financing and producing the Film without Defendants' assistance or involvement.

12. Subsequently, on or about March 3, 2011, counsel for Defendants sent a letter to Plaintiff's counsel contending that Defendants have the exclusive right to produce and distribute a Film based upon the Screenplay. The March 3, 2011 letter further contended that Defendants are a co-author and co-owner of the Screenplay by virtue of contributions purportedly made to the Screenplay by Turen on Infinity's behalf. Plaintiff is informed and believes, and based thereon alleges, that specifically, Defendants contend (i) that Plaintiff incorporated into the Screenplay notes of ideas that had been provided by Turen, (ii) that Plaintiff's use of Turen's ideas rendered the Screenplay a joint work under copyright law, and (iii) that Turen's development work was done on a work-for-hire basis for Infinity, such that Turen's purported co-authorship rights inure to the benefit of Infinity.

13. As alleged further below, Plaintiff disputes each of Defendants' contentions.

14. Plaintiff disputes that the Screenplay is a joint work under the Copyright Act and that Infinity is a co-author and co-owner of the Screenplay as a result of Turen's purported contributions to the work. Turen did not author any portion of the Screenplay. Turen provided Plaintiff with nothing more than ideas lacking independently copyrightable expression, which ideas, in any event, were not incorporated into the Screenplay by Plaintiff. Moreover, Plaintiff and Turen did not share the requisite joint intent that the Screenplay constitute a joint work.

15. Plaintiff further disputes that, to the extent Turen acquired rights in the Screenplay (which he did not), those rights would inure to the benefit of Defendants. Plaintiff is informed and believes, and based thereon alleges, that Turen was an independent contractor of Infinity and not an "employee" within the meaning of the U.S. Copyright Act. Plaintiff is further informed and believes, and based thereon alleges, that Turen and Infinity were not at any relevant time parties to a written agreement containing a work-for-hire provision or assignment of rights provision applicable to the Screenplay.

16. Plaintiff additionally disputes that Defendants have otherwise acquired rights in the Screenplay and/or the Film by way of an assignment, license, or other conveyance from Plaintiff. Plaintiff and Defendants entered into no agreements concerning the rights in the Screenplay and/or the Film. In particular, Plaintiff and Defendants never executed a signed writing as required by 17 U.S.C. § 204(a) to exclusively transfer copyright rights.

17. Accordingly, Plaintiff contends that he is and has been at all relevant times the sole owner of all right, title, and interest in and to the Screenplay and to the Film.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment Against All Defendants

18. Plaintiff incorporates by reference the allegations in paragraphs 1 through 19 as though fully set forth herein.

19. An actual and justiciable controversy has arisen between the parties as to Defendants' rights, if any, in the Screenplay and the Film.

20. Defendants contend that they have acquired exclusive copyright rights in the Screenplay and the Film, including exclusive distribution rights, as the result of an agreement entered into with Plaintiff. Defendants further contend that the Screenplay is a joint work as the result of purported contributions from Turen, with Plaintiff and Infinity being co-authors and co-owners of the Screenplay.

21. Plaintiff contends, conversely, that he is the sole author and owner of the Screenplay, and that the screenplay is not a joint work. In that regard, Plaintiff contends (i) that Turen provided no independently copyrightable expression which was incorporated into the Screenplay, and (ii) that Plaintiff, Turen, and Defendants never shared the intent that the Screenplay would constitute a joint work.

22. Plaintiff further contends that no rights in the Screenplay and/or the Film have been assigned, licensed, or otherwise transferred to Defendants.

23. For each of the above reasons, Plaintiff contends that Defendants have no rights whatsoever in the Screenplay and/or the Film.

24. Resolution of the above-described controversy turns on substantial questions of federal copyright law, including whether a "transfer of copyright ownership" has occurred within the meaning of 17 U.S.C. § 204(a), and whether the Screenplay constitutes a joint work as the result of alleged contributions made by Turen.

14052381

25.  Plaintiff seeks a judicial determination of the rights and obligations of the parties with respect to the Screenplay and the Film. Specifically, Plaintiff seeks a declaratory judgment that: (i) Defendants, and each of them, hold no copyright interests in the Screenplay and the Film; and (ii) as between Plaintiff and Defendants, the Screenplay is not a joint work and Plaintiff is the sole author of the work.

26.  A judicial declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and obligations. Plaintiff is suffering and will continue to suffer an injury-in-fact without a declaratory judgment resolving this dispute. Plaintiff is informed and believes, and based thereon alleges, that Defendants have falsely stated to third parties that they have exclusive distribution rights in the Screenplay and the Film in an effort to interfere with the Film and to dissuade those third parties from participating in its financing and/or production. Defendants' assertion of rights in the Screenplay and the Film is clearly without merit, and without a judicial resolution of this dispute, Plaintiff's ability to produce his own Film based upon his own Screenplay will be unjustifiably jeopardized by Defendants' clouding of the rights to these works.

WHEREFORE Plaintiff prays for judgment as follows:

A.  For a judicial declaration (i) that Defendants are neither co-authors nor co-owners of the Screenplay; and (ii) that Defendants, and each of them, otherwise hold no copyright rights in the Screenplay and/or the Film whether by virtue of an assignment, license, or other conveyance;

B.  For attorneys' fees and costs pursuant to 17 U.S.C. § 505; and

C.  For such other relief as the Court may deem just and proper.

14052381

Dated: New York, New York
March 22, 2010

                        Respectfully submitted,

                        DECHERT LLP

                        By: /s/ Laura E. Meehan
                        Gary J. Mennitt
                        Earl H. Nemser
                        Laura E. Meehan
                        1095 Avenue of the Americas
                        New York, New York  10036
                        Telephone: (212) 698-3500
                        Fascimile:  (212) 698-3599
                        earl.nemser@dechert.com
                        gary.mennitt@dechert.com
                        laura.meehan@dechert.com

                        *Attorneys for Plaintiff Nicholas Jarecki*

Of Counsel:

Kinsella Weitzman Iser Kump & Aldisert LLP
808 Wilshire Boulevard, 3rd Floor
Santa Monica, California  90401
Telephone: 310.566.9800
Facsimile: 310.566.9850

14052381

# EXHIBIT A

*-APPLICATION-*

## Title
**Title of Work:** Arbitrage

## Completion/Publication
**Year of Completion:** 2011

## Author
- **Author:** Nicholas Jarecki
  **Author Created:** text
  **Work made for hire:** No
  **Citizen of:** United States     **Domiciled in:** United States
  **Year Born:** 1979

## Copyright claimant
**Copyright Claimant:** Nicholas Jarecki
77 White Street #1, New York, NY, 10013

## Rights and Permissions
**Name:** Nicholas Jarecki
**Email:** nick@greenroomfilms.net     **Telephone:** 323-992-4350
**Address:** 77 White Street #1
New York, NY 10013

## Certification
**Name:** Nicholas Jarecki
**Date:** February 18, 2011

**Registration #:**

**Service Request #:** 1-570174021

**Priority:** Routine       **Application Date:** February 18, 2011 02:21:08 PM

## Correspondent

**Name:** Nicholas Jarecki

**Email:** nick@greenroomfilms.net       **Telephone:** 323-992-4350

**Address:** 77 White Street #1
New York, NY 10013 United States

## Mail Certificate

Nicholas Jarecki
77 White Street #1
New York, NY 10013 United States